GRETHA P. LEWTER, ADMINISTRATRIX, AND JESSE HARVEY LEWTER, ADMINISTRATOR OF THE ESTATE OF JESSE RAY LEWTER, DECEASED v. ETHEL WIMBERLY HERNDON, EXECUTRIX OF THE ESTATE OF STACY W. HERNDON, DECEASED; HERNDON LUMBER COMPANY, INC., AND J. LEON ROGERS

No. 716SC583

(Filed 15 December 1971)

**Appeal and Error §§ 37, 44— case on appeal not agreed to — failure to file brief**

Appeal is dismissed where counsel for appellees had not agreed to the statement of the case on appeal filed by appellant but had filed exceptions thereto, and no settlement of the case on appeal had been made by the trial court, and appellants failed to file a brief within the time allowed by the rules. Court of Appeals Rules 5, 17 and 28.

APPEAL from *Cowper, Judge,* 10 May 1971 Session of Superior Court of BERTIE County.

This action was brought by the administrators of the estate of Jesse Ray Lewter to recover damages for the alleged wrongful death of their intestate. The case was tried before a jury. The jury answered in defendant's favor the issue as to whether Stacy W. Herndon was operating the motor vehicle at the time of the accident as alleged in the complaint. From entry of judgment on the verdict, plaintiffs gave notice of appeal.

*Malcolm B. Grandy for plaintiff appellants.*

*Pritchett, Cooke and Burch, by W. L. Cooke, and Banks and Weaver, by Thomas A. Banks, for defendant appellees.*

MORRIS, Judge.

Prior to the date set for oral arguments, defendants filed a motion to dismiss the appeal under Rule 5 and Rule 17, Rules of Practice in the Court of Appeals of North Carolina. As grounds for the motion, defendants say that plaintiffs served on defendants' counsel a proffered statement of case on appeal, and service was accepted on 16 July 1971. On the same day the case on appeal as served was docketed in this Court without knowledge of defendants' counsel and without any agreement that the transcript which was docketed did in fact constitute the case on appeal. In apt time defendants filed exceptions to the statement of case on appeal, and service thereof was accepted by counsel

for plaintiffs. No settlement of the case on appeal has been made by the trial tribunal as provided by G.S. 1-283. No answer has been filed to this motion.

Under the Rules of this Court, plaintiffs' brief should have been filed on 2 November 1971. No brief has been filed, and on 8 November 1971, defendants moved that the appeal be dismissed under Rule 28, Rules of Practice of the Court of Appeals of North Carolina, for plaintiffs' failure to file brief.

It appears that both motions are well taken.

Appeal dismissed.

Judges CAMPBELL and PARKER concur.